IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT CIARCIELLO Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:23-CV-32 |
| BIOVENTUS INC., KENNETH M. REALI, MARK SINGLETON, GREGORY ANGLUM, and SUSAN STALNECKER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JUDGMENT

This matter came on for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice ("Preliminary Approval Order") filed August 13, 2024, Doc. 150, on the lead plaintiff's unopposed motion for final approval of the settlement, Doc. 163, as set forth in the Stipulation of Settlement, dated July 12, 2024, Doc. 137-1, as revised on August 7, 2024, Doc. 148-1 (the "Stipulation"). Adequate notice having been given to the Settlement Class, and the Court having considered the record as a whole and for reasons stated more fully in an order entered concomitantly herewith, it is hereby **ORDERED and ADJUDGED** that:

1. This Court has jurisdiction over the subject matter of the Litigation, all matters relating to the Settlement, and personal jurisdiction over all Parties to the Litigation, including all Members of the Settlement Class.

2. All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

3. For settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over individual questions; (iii) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and its Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that: the claims of Settlement Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all persons and entities who purchased or otherwise acquired Bioventus Class A common stock between February 11,

2021, and November 21, 2022, both inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of Bioventus and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant had or has had a controlling interest; (v) Bioventus's employee retirement benefit plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

5. Pursuant to Rule 23, and for purposes of settlement only, the Court certifies Lead Plaintiff as Settlement Class Representative for the Settlement Class, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class Counsel. Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented the Settlement Class and satisfied the requirements of Federal Rule of Civil Procedure 23.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in this Litigation, as provided for therein) and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the

Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Lead Plaintiff's Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

7. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all Released Claims of Lead Plaintiff and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

8. All agreements made and orders entered during the course of the Litigation about confidentiality of information shall survive this Order, pursuant to their terms.

9. The terms of the Stipulation and this Judgment are binding on Defendants, Lead Plaintiff, and all Settlement Class Members (regardless of whether a Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and on their respective successors and assigns.

4

Case 1:23-cv-00032-CCE-JEP   Document 173   Filed 12/18/24   Page 4 of 9

10. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendants, whether arising under federal, state, or common law, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, whether or not such Settlement Class Member shares in the Settlement Fund, and whether or not such Settlement Class Member objects to the settlement. Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Lead Plaintiff's Counsel from all claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

12. Upon the Effective Date, Plaintiff and each of the Settlement Class Members who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or

proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

13. Upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of claims released by the Settlement (i) by any person or entity against any of the Defendants or (ii) by any of the Defendants against any other person or entity, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"), provided, however, that nothing in the Bar Order shall release or alter the rights Defendants may have under their applicable insurance policies or any right of indemnification or contribution that Defendants may have under contract or otherwise. The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

14. Nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15. The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice in accordance with the Preliminary Approval Order entered on August 13, 2024, Doc. 150: (i) complied with the terms of the Stipulation and the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise

Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (iv) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (v) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Members of the Settlement Class are bound by this Order and Final Judgment.

16. Bioventus has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). Bioventus timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. *See* Docs. 171, 171-1. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).

17. The plan of allocation submitted by Lead Plaintiff's Counsel and the orders entered about the plan of allocation, attorneys' fees, and expenses are separate from this Judgment and shall not disturb or affect this Judgment in any way.

18.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation of any wrongdoing, fault, or liability of the Released Defendants, or that Lead Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.

19.     The Released Defendants may file the Stipulation and/or this Judgment in any other action brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the

disposition of the Settlement Fund; and (c) the Settlement Class Members for all matters relating to the Litigation.

21. Without further order of the Court, Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

22. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim and Release ("Proof of Claim") under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members. Lead Plaintiff's Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

23. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

This the 18th day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE

9

Case 1:23-cv-00032-CCE-JEP   Document 173   Filed 12/18/24   Page 9 of 9